IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE MORALES-SAMANO, | : | MOTION TO VACATE |
| BOP Reg. # 61206-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:09-CR-361-RWS-AJB-14 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:12-CV-2653-RWS-AJB |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Jose Morales-Samano, a former federal prisoner, submitted a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:09-cr-361-RWS-AJB-14. [Doc. 518.]¹ Respondent filed a response in opposition. [Doc. 526.] For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.   Background**

In a superseding indictment returned on August 25, 2009, Movant was charged with the following offenses: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), & 846 (count one);

---

¹ Citations to the record in this Final Report and Recommendation refer to case number 1:09-cr-361-RWS-AJB-14.

(2) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii), and 18 U.S.C. § 2 (count three); (3) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i) & (ii), & 1956(h) (count four); and (4) laundering $5,241,180.00, in violation of 18 U.S.C. §§ 2 & 1956(a)(2)(A) (count nine). [Doc. 82 at 2-3, 3-7, 11.]

On January 27, 2011, Movant decided to plead guilty. [Docs. 325, 325-1, 325-2.] At sentencing on September 22, 2011, the Court determined that Movant's United States Sentencing Guidelines range was 87 to 108 months imprisonment. [Doc. 496 at 2.] However, the Court sentenced Movant to 54 months imprisonment, followed by five years supervised release. [Doc. 398 at 2-3.] Movant did not appeal. Instead, he delivered his § 2255 motion to prison authorities for mailing on July 30, 2012. [Doc. 518 at 12.] Respondent does not dispute that the § 2255 motion was timely filed pursuant to 28 U.S.C. § 2255(f).[2]

---

[2] Movant was released from prison on July 5, 2013. *See* Fed. Bureau of Prisons, http://www.bop.gov/ (using "Inmates" menu and "Find an Inmate" link and searching BOP Reg. No. 61206-019) (last visited July 23, 2014). Thereafter, immigration removal proceedings were to commence against Movant. [*See* Doc. 398 at 2.]

AO 72A
(Rev.8/82)

**II.    28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black*

3

*v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004).[3] Despite the procedural default rule, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). As the undersigned will explain below, an

---

[3] "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

evidentiary hearing is not needed because the § 2255 motion and record in this case conclusively show that Movant is entitled to no relief.

### III. Discussion

Movant asserts that (1) trial counsel provided ineffective assistance by failing to (a) explain the charges (ground one), and (b) advise him "of the benefits of the fast track program" under U.S.S.G. § 5K3.1 (ground four); and (2) the sentence was unreasonable because the Court failed to consider (a) evidence of Movant's innocence (ground two), and (b) Movant's "consistent employment," cooperation with the Government, and lack of "criminal activity involved with controlled substances" (ground three). [Doc. 518 at 4-9.]

#### A. Ground One

In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks

5

omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 Fed. Appx. 992, 997 (11th Cir. Aug. 9, 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In ground one, Movant claims that trial counsel provided ineffective assistance

6

AO 72A
(Rev.8/8
2)

by failing to explain the charges.[4]  Referring to the transcript of the plea colloquy, Respondent notes Movant's contrary statements that he (1) understood the charges and the consequences of his guilty plea, (2) discussed the plea with counsel and was satisfied with the representation, (3) understood that the sentence could be more severe than expected and had not been promised any particular sentence, and (4) was guilty of the crimes charged.  [*See* Doc. 526 at 4-8, 15-16.]

Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false.  *United States v. Garcia*, 322 Fed. Appx. 918, 919 (11th Cir. Apr. 13, 2009) (per curiam).  Movant has not produced any evidence to meet his heavy burden.  Therefore, ground one fails.  *See Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. Nov. 1, 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

### B.     Grounds Two, Three, and Four

Movant's remaining grounds are barred by the following appeal waiver in his

---

[4]     Although Movant's plea agreement contains an appeal waiver, ground one is not barred because it implicates the validity of Movant's guilty plea.  *See Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005).

plea agreement:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

[Doc. 325-2 at 3-4.] Movant signed the agreement, indicating that he had (1) read and understood its terms and conditions, and (2) consented to them. [*Id.* at 5-6.]

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[T]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)). A valid sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance at sentencing." *Id.* at 1342.

As Respondent explains, the Court referred to the appeal waiver during the plea colloquy, and Movant indicated that he understood he was giving up his right to appeal

8

as specified in the plea agreement. [Doc. 526 at 6-7.] Because Respondent has made the necessary showing, the undersigned determines that Movant knowingly and voluntarily waived his right to appeal and collaterally attack his convictions and sentences. The waiver bars Movant's remaining grounds, regarding (1) counsel's alleged failure to advise Movant of a "fast track program" (ground four),[5] and (2) the Court's alleged failure to consider information favorable to Movant at sentencing (grounds two and three).[6]

## IV.  Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

---

[5] As Respondent notes, a fast track program is not available in this district, and that fact is not a basis upon which a sentence may be challenged. [*See* Doc. 526 at 21 n.7 (citing *United States v. Campos-Diaz*, 472 F.3d 1278, 1279 (11th Cir. 2006) (per curiam) and *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251-52 (11th Cir. 2012) (per curiam)).]

[6] Respondent correctly notes that grounds two and three are procedurally defaulted. [*See* Doc. 526 at 21 n.7.] Movant has not shown cause and actual prejudice. Additionally, the record indicates that the Court considered information favorable to Movant at sentencing. [*See id.*]

9

Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct a sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

10

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the motion to vacate, set aside, or correct sentence, [Doc. 518], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:12-cv-2653-RWS-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  29th   day of July, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)